**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO.  3:95-cr-147-05

MARION LATIMER, JR.,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base.  These temporary, emergency amendments to the Guidelines took effect on November 1, 2010.  Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011.  Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.  Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order, Statement of Reasons and attached exhibit, addendum to the PSI from the Probation Office, and any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant's original Presentence Investigation Report attributed to him 1.50255 kilograms of cocaine base. His original offense conduct resulted in a base offense level of 38, and a criminal history category of I. This Defendant received a two-level increase for obstruction of justice. No other enhancements or reductions were applied. His original guideline range was 292 to 365 months. He was sentenced to the statutory maximum sentence of two hundred forty (240) months in prison. On March 31, 2008, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's base offense level was reduced by two levels, resulting in a new total offense level of 38. His corresponding guideline range became 235 to 293 months. His previous sentence was reduced to two hundred thirty-five (235) months, with credit for time served.

During his period of incarceration since that time, the Court observes that Defendant has only been sanctioned once for smoking in an unauthorized area. He has completed his inmate financial responsibility program requirements and has complied with the DNA collection program. During the course of his imprisonment, Defendant has taken and successfully completed classes in small engine repair and building trades, and became an assistant teacher of the classes. He has also been responsible for small appliance repairs at various Bureau of Prison facilities.

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 36. Given this total offense level and his criminal history category of I, Defendant's new advisory guideline range becomes 188 to 235 months. It is further **ORDERED** that Defendant's previous sentence be reduced to time served. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

Lastly, the Court **ORDERS** that the Defendant shall reside at a Community Correctional Center, as deemed appropriate by the United States Probation Office, for a period of ninety (90) days upon his release from incarceration, as a modification of his conditions of supervised release.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: December 9, 2011

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] Defendant agrees to this placement and has waived a hearing on the modification of his supervised release. *See* Memorandum of Defendant, Exh. A (Document No. 627).